Welch, J.
The defendants in error brought their action in the common pleas against the plaintiff in error, and one Moses D. Brooke, alleging that the city was indebted to Brooke-, and asking to have so much of the amount due as’ was necessary, subjected to the payment of a judgment which they had recovered against Brooke, and for the satisfaction of which he had no other property.
The answer of the city admits the indebtedness, but avers that it is a part of Brooke’s salary, due to him as city marshal ; and the only question is, whether it is a debt which is subject to garnishment by a proceeding of this kind.
The cause was carried by appeal to the district court, where the question was decided in favor of the plaintiffs below, and a judgment rendered against the city; and it is to reverse this judgment that the present petition in error is filed.
*463 The 458th section of the code provides, that an action like this may be brought, to subject to the payment of a judgment, where there is not sufficient other property, “ any claims, or choses in action due or to become due,” to the judgment debtor,, and all “ money, goods, or effects ” which he may have in the hands of “ any person, body politic or corporate.”
The ground insisted upon by counsel for the plaintiff in error is, that it is against public policy, to permit the garnishment of the salaries or pay of public officers under this provision. They say, that while private corporations, as well as natural persons, are subject to the provision of the act, public or municipal corporations are not; or at least, if they are, that it is only in cases of ordinary debts due from them, and that it is against public policy to permit the salaries and pay of their officers, and public agents, to be so garnisheed.
Under statutes similar to ours, in other states, authorities are quite conflicting; so much so, that we do not feel bound by any of them, and see nothing to prevent us from deciding the question as an original one, according to our own views of public policy, and of the meaning and intent of the statute.
The words of the statute seem plain. They are, that “any claim or chose in action,” and that “ all money ” in the hands of “ any person, body politic or corporate,” may be subjected. The salary of an officer is certainly a “ claim,” and a “ chose in action.” If it is either, it seems to make no difference from whom it is due. .If it be due from a party liable to be compelled by suit to pay, it is a “claim” or “chose” within the strictest legal sense, as well as within the popular meaning of the word. The clause, then, as to claims and choses, seems broad enough to include a salary due from a municipal corporation liable to be sued at law. And if it is “money” in the hands of a “body politic or corporate” — as it would, seem by the provisions of the attachment law to be — then it is included also in the other clause of the statute.
We see nothing in the requirements of public good, and surely there is nothing in the justice of the. case, requiring us to depart from the plain reading of the statute. .And if *464 the legislature had intended otherwise, they surely would have made the exception claimed, by express provision, or by the use of language less broad and comprehensive. No such exception, so far as we know, is to be found in any of our former laws on the subject, and there is no decision to that effect in any case arising under them.
We do not say, or suppose, that a salary which is not yet earned, or for the payment of which the proper period has not yet arrived, can be so garnisheed, or attached. It must be a subsisting claim, due or to become due, and for the ultimate payment of which the obligation to pay is fixed, without reference to future services or considerations. But we can not entertain any doubt, that a salary already due, and suffered to remain in the hands of a municipal corporation, liable to be recovered by suit of the officer himself, is liable also under the provisions of the act, to be subjected, like other claims,.to the payment of creditors. The rule might, perhaps, safely be- laid down, that whenever the debtor himself has a right of action, or a present claim which lapse of time alone will ripen into a cause of action, his creditor may, in the cases specified in the statute, be substituted to his rights, by gar • nishment.
The judgment of the district court is affirmed.
Brinkerhoff, O.J., and Scott, Day and White, JJ., concurred.